## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

_____
:
Jose Reyes and Cleyber Dubon                                     :
                                                                 :
Individually and on behalf of all others similarly              :
situated,                                                        :
                                                                 :
                    Plaintiffs,                                 :
                                                                 :        CIVIL ACTION NO: 1:16-cv-592
v.                                                               :
                                                                 :
East Coast Lot & Pavement Maintenance Corp.                     :
d/b/a Ocean State Sweeping, d/b/a United                         :
Sweeping; East Coast Lot and Pavement Inc.                       :
and Uri Ben-Yashar                                               :
                                                                 :        JURY TRIAL REQUESTED
                    Defendants.                                 :
                                                                 :        October 28, 2016
_____           :

## <u>COMPLAINT</u>

## I.    INTRODUCTION

1.    This is an action brought by Plaintiffs Jose Reyes and Cleyber Dubon ("Plaintiffs"), on

behalf of themselves and all other similarly situated individuals, against Defendants East

Coast Lot & Pavement Maintenance Corp. d/b/a Ocean State Sweeping, d/b/a United

Sweeping, East Coast Lot and Pavement, Inc. and Uri Ben-Yashar (collectively

"Defendants"), arising from Defendants' failure to lawfully pay Plaintiffs wages for their

work.  For a period of several years, Plaintiffs performed strenuous physical labor under

harsh conditions in Defendants' landscaping, snow removal and maintenance business,

regularly working more than forty hours per week, including Sundays, but were never paid

a premium rate for overtime hours as required by Federal and State law.

2.    Plaintiffs allege violations of the overtime provisions of the federal Fair Labor Standards

Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the Rhode Island Minimum Wage Act, R.I. Gen. L. §28-12-1, *et seq.* ("RIMWA").  Plaintiffs seek to equitably toll the statute of limitations.  Plaintiffs seek their earned but unpaid overtime wages, liquidated damages pursuant to the FLSA, liquidated damages pursuant to the RIMWA, and reasonable attorneys' fees, costs, and interest, as well as declaratory relief.

3.      Plaintiffs bring their FLSA claims individually and on behalf of other similarly situated current and former employees of Defendants under the collective action provisions of the FLSA, 29 U.S.C. § 216(b).

## II.     JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.  As this action arises under Acts of Congress regulating commerce, jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

5.      With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is appropriate in the District of Rhode Island pursuant to 28 U.S.C. §1391(b), because the events giving rise to this claim occurred primarily within this judicial district.

## III.    THE PARTIES

7.      Plaintiff Jose Reyes is a resident of Rhode Island.

8.      Plaintiff Cleyber Dubon is a resident of Rhode Island.

9.      At all times relevant to this Complaint, Plaintiffs were employees of Defendants as that

term is defined by the FLSA, 29 U.S.C. § 203(e) (1) and by the RIMWA, §28-12-2(5) and R.I. Gen. Law § 28-14-1(2).

10. At all times relevant to this Complaint, Plaintiffs were employees engaged in commerce or the production of goods for commerce, and/or was an employee in an enterprise engaged in commerce or the production of goods for commerce within the meaning of § 29 U.S.C.A. §203(b),(r)(1).

11. The term "Class Plaintiffs" as used in this Complaint refers to any additional class members that join this action pursuant to the collective action provision of 29 U.S.C. § 216(b).

12. Defendant East Coast Lot & Pavement Maintenance Corp., is a Rhode Island corporation headquartered at 20 Dunnell Lane East, Box 11B, Pawtucket, RI.

13. Defendant East Coast Lot & Pavement Maintenance Corp. filed the fictitious names Ocean State Sweeping and United Sweeping with the Rhode Island Secretary of State on June 11, 2002 and August 2, 2001 respectively.

14. Defendant East Coast Lot & Pavement, Inc. is the entity from whose bank account Plaintiffs' pay checks were drawn in relation to their employment by Defendants.

15. Upon information and belief, Defendant Uri Ben-Yashar is the president, secretary and director of Defendant East Coast Lot & Pavement Corp.

16. Upon information and belief, Defendant Uri Ben-Yashar is a resident of the Commonwealth of Massachusetts.

17. Upon information and belief, at all times relevant to the Complaint, Defendant Uri Ben-Yashar made all relevant decisions regarding Plaintiffs' wages and working conditions.

18. At all times relevant to the Complaint, Defendants were employers as that term is defined

by the FLSA, 29 U.S.C. §203(d), by the RIMWA, §§28-12-2(6) and by R.I. Gen. Law § 28-14-1(3).

19. Upon information and belief, Defendants grossed more than $500,000 per year in revenue for the past five calendar years and individually and collectively are an enterprise engaged in commerce.

## IV.     STATEMENT OF FACTS

*Plaintiff Jose Reyes*

20. Plaintiff Jose Reyes was employed by Defendants from on or about December 2008 to on or about February 2016.

21. In the course of his employment by Defendants, Plaintiff Jose Reyes performed physical labor including but not limited to the repair and maintenance of diesel trucks owned and utilized by Defendants in their landscaping, snow removal and maintenance business, as well as painting of lines in parking lots.  Plaintiff Jose Reyes performed the aforesaid painting work in locations throughout Rhode Island, Massachusetts, Connecticut and New York.

22. Plaintiff Jose Reyes regularly worked more than 9 hours per day from Monday through Friday and worked at least 4 hours on Saturday or Sunday every weekend.

23. Plaintiff Jose Reyes occasionally worked on holidays including Christmas and New Year's Day.

24. Plaintiff Jose Reyes' regular rate of pay ranged from $11 per hour in 2008 to $13.50 per hour at the termination of his employment in 2016.

25. Plaintiff Jose Reyes never received a premium rate of pay for time worked in excess of 40 hours in a week and for hours worked on Sundays.

26. On a limited number of occasions, Plaintiff Jose Reyes received a premium rate of pay for

hours worked on holidays.

27.   Plaintiff Jose Reyes asked Defendants why he was not paid "time and a half" for overtime hours and, in response, was told "we don't pay it."

**Plaintiff Cleyber Dubon**

28.   Plaintiff Cleyber Dubon was employed by Defendants from on or about May 2003 to on or about October 2015.

29.   In the course of his employment by Defendants, Plaintiff Cleyber Dubon performed physical labor including but not limited to landscaping and snow removal work at locations in Rhode Island, Massachusetts and Connecticut.

30.   Plaintiff Cleyber Dubon regularly worked 10-12 or more hours per day at least six days per week and, during certain periods, seven days per week.

31.   Plaintiff Cleyber Dubon's regular rate of pay ranged from $12 per hour in 2003 to $15 per hour at the termination of his employment in 2016.

32.   Plaintiff Cleyber Dubon never received a premium rate of pay for time worked in excess of 40 hours in a week and for hours worked on Sundays.

33.   Plaintiff Cleyber Dubon asked Defendants why he was not paid "time and a half" for overtime hours and, in response, was told "in landscaping, we don't pay overtime."

**Facts Common to Both Plaintiffs**

34.   During Plaintiffs' employment, Defendants did not post and keep posted a notice explaining the Fair Labor Standards Act, as prescribed by the United States Department of Labor, Wage and Hour Division, in a conspicuous place in their establishment such as would permit Plaintiff or other employees to observe readily a copy, as required by 29 C.F.R. §516.4.

35.     During Plaintiffs' employment, Defendants did not post and keep posted the minimum wage and overtime poster issued by the Rhode Island Department of Labor and Training at the places of employment where it could be read easily by its employees, as required by R.I. Gen. Law §28-12-11.

36.     Plaintiffs do not speak or read English fluently.

37.     During Plaintiffs' employment by Defendants, Plaintiffs did not discover the nature or extent of Defendants' violations of their right to be paid according to the law because, *inter alia*, Defendants failed to conspicuously post and provide to Plaintiffs information mandated by federal and state law; Plaintiffs did not speak or read English fluently; and although Plaintiffs typically worked more than forty hours per week, including on Sundays and many holidays, Defendants led Plaintiffs to believe that nonpayment of premium rate for overtime hours was an acceptable business practice.

38.     Upon information and belief, Defendants were aware or should have been aware that the law required them to pay employees overtime wages for all work-hours in excess of forty (40) per week.

39.     Upon information and belief, during the period of Plaintiffs' employment by Defendants, at all times approximately 20 other individuals were also employed by Defendants in similar capacities and were subject to the same nonpayment of premium rate for overtime hours in violation of Federal and State law.

## V.     COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiffs bring Count 1 as a collective action under the collective action provision of the FLSA as set forth in 29 U.S.C. § 216(b) on behalf of all current and former employees who have worked for Defendants in the State of Rhode Island within the past three years

of the filing of a consent to sue by such employee and the date of final judgment in this

matter and who were, are or will be eligible for but did not receive overtime

compensation.

41.     Class Plaintiffs are situated similarly to Plaintiffs within the meaning of FLSA § 216(b)

and, therefore, the First Count herein may be brought and maintained as an "opt-in"

collective action pursuant to Section 16(b) of FLSA .

42.     This action is also maintainable as a collective action pursuant to FLSA § 216(b) because

the prosecution of separate actions by individual members of the class would create a risk

of inconsistent or varying adjudications with respect to individual members of the class

which would establish incompatible standards of conduct for Defendants.

43.     Questions of law and fact common to the collective action as a whole include, but are not

limited to the following:

     a.   Whether Defendants unlawfully failed and continue to fail to pay overtime

          compensation in violation of FLSA; and

     b.   Whether Defendants unlawful failure to pay overtime compensation to

          Plaintiffs and Class Plaintiffs was willful.

44.     The names and addresses of the Class Plaintiffs are available from Defendants and notice

should be provided to Class Plaintiffs both by first class mail to their last known address

and by workplace posting as soon as possible.

## VI.     COUNT ONE: FLSA OVERTIME VIOLATIONS

45.     Plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 44, above.

46.     As described above, Defendants failed to pay Plaintiffs at least one and a half times a

lawful, regular hourly wage for hours over forty worked in each week.

7

47.     Defendants' failure to pay overtime wages as required by FLSA was willful and/or in bad

        faith, inasmuch as Defendants were aware or reasonably should have been aware of their

        obligation to pay Plaintiffs consistent with the FLSA and did not do so.

48.     As a result of Defendants' unlawful conduct as described above, Plaintiffs suffered a loss

        of wages.

## VII.   COUNT TWO: RIMWA OVERTIME VIOLATIONS

49.     Plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 44, above.

50.     As described above, Defendants failed to pay Plaintiffs at least one and a half times a

        lawful, regular hourly wage for hours over forty worked in each week, for hours worked

        on Sundays and for hours worked on holidays.

51.     Defendants' failure to pay overtime wages as required by RIMWA was willful, inasmuch

        as Defendants were aware or reasonably should have been aware of their obligation to pay

        Plaintiffs consistent with RIMWA and did not do so.

52.     As a result of Defendants' unlawful conduct as described above, Plaintiffs suffered a loss

        of wages.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

53.     Designate this action as a collective action on behalf of the Class Plaintiffs

        pursuant to FLSA § 216(b) and order prompt issuance of notice to all similarly

        situated members of the Plaintiff Class apprising them of the pendency of this

        action and permitting them to assert timely FLSA claims in this action by filing

        individual Consent to Join forms pursuant to FLSA § 216(b) and toll the statute of

        limitations on the claims of all "opt-in" Class Plaintiffs from the date of filing of

this Complaint until the Class Plaintiffs are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

54.     Designate Plaintiffs as representatives of the Class Plaintiffs;

55.     Declare Defendants' conduct complained of herein to be in violation of Plaintiffs' and Class Plaintiffs' rights under the FLSA;

56.     Declare Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under RIMWA;

57.     Declare that Defendants' violations of the FLSA and RIMWA were willful;

58.     Equitably toll the statute of limitations;

59.     Order Defendants to pay to Plaintiffs and Class Plaintiffs all overtime wages owed, consistent with the FLSA;

60.     Order Defendants to pay to Plaintiffs all overtime wages owed, consistent with RIMWA;

61.     Award Plaintiffs and Class Plaintiffs liquidated damages for all federal overtime wages owed pursuant to 29 U.S.C. §216(b);

62.     Award Plaintiffs liquidated damages for all Rhode Island overtime wages owed pursuant to R.I. Gen. Law §28-14-19.2(a);

63.     Award Plaintiffs reasonable attorneys' fees, costs and interest; and

64.     Award Plaintiffs such other legal and equitable relief as the Court deems appropriate.

## VIII.   REQUEST FOR TRIAL BY JURY

Plaintiffs respectfully request a trial by jury as to all claims to which they are entitled.

RESPECTFULLY SUBMITTED

Jose Reyes and Cleyber Dubon
By their attorneys,

RHODE ISLAND CENTER FOR JUSTICE

  /s/ Robert McCreanor
Robert McCreanor, R.I. Bar No. 9399
Curtis Pouliot-Alvarez, R.I. Bar No. 9494
Rhode Island Center for Justice
1 Empire Plaza
Providence, RI 02903
Tel. 401.491.1101
Fax. 401.228.6780
rmccreanor@centerforjustice.org
cpouliotalvarez@centerforjustice.org